IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ROBERT MICHAEL TORRES, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | | CIVIL ACTION NO. __ |
| § | | |
| MIDWEST REFRIGERATED § | | |
| TRANSPORT, INC.; RYDER TRUCK § | | |
| RENTAL LT; RTRT, INC., AS § | | |
| TRUSTEE OF RYDER TRUCK § | | |
| RENTAL LT; AND DEAN § | | |
| ZASTOUPIL, § | | |
| § | | |
| Defendants. § | | |

# NOTICE OF REMOVAL OF CIVIL ACTION

Defendants, Midwest Refrigerated Transport, Inc. and Dean Zastoupil, file this Notice of Removal under 28 U.S.C. §§ 1332(a), 1441, and 1446(a).

# I. INTRODUCTION

1. The civil action being removed was initiated in the County Court at Law in Panola County, Texas, on November 17, 2023, and was assigned cause no. 2023-314. Defendant Midwest Refrigerated Transport, Inc. was served on November 27, 2023, and filed an Answer on November 29, 2023. Defendant Dean Zastoupil has not been served; however, he answered and appeared through his attorney of record on November 30,

2023. This Notice of Removal has been filed within thirty days from the date Defendant Midwest Refrigerated Transport, Inc. was served.

2. This suit is a personal injury action arising from a motor vehicle accident that occurred on November 29, 2021, in Carthage, Panola County, Texas.

## II.
## BASIS FOR REMOVAL

3. Removal is proper based on diversity of citizenship because the amount in controversy in this case exceeds the sum or value of $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between the Plaintiff and the Defendants. 28 U.S.C. § 1332(a).

**A. Amount in Controversy is Greater than $75,000**

4. In his Original Petition, Plaintiff contends that he was subject to "tremendous force" when he rearended Defendants' stopped trailer, and he seeks to recover for injuries and damages including past and future medical expenses, physical pain and suffering, mental anguish, physical impairment, disfigurement, loss of earnings and earning capacity. *See* Ex. 2, Plaintiff's Original Petition, pp. 3, 9-10. Plaintiff also seeks to recover exemplary damages. *See* Ex. 2, Plaintiff's Original Petition, p. 10. Further, the Plaintiff specifies in his Original Petition that he "seeks monetary relief over $1,000,000.00." *See* Ex. 2, Plaintiff's Original Petition, p. 10.

5. For these reasons, the amount in controversy in this case exceeds the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a) and 28 U.S.C. § 1446(c)(2).

### B. Complete Diversity Exists between the Parties

6. For purposes of evaluating diversity jurisdiction, individuals are considered citizens of the state where they are domiciled, and "[a] person is domiciled where he or she has established a fixed habitation or abode, intending to remain there permanently or indefinitely." *See Hanson v. Sonic – Frank Parra Autoplex*, No. 3:04-CV-0108-P, 2004 U.S. Dist. Lexis 11856, 2004 WL 1373134, at * 5 (N.D. Tex. June 15, 2004); *see also Stine v. Moore*, 213 F. 2d 446 448 (5th Cir. 1954) ("Residence in fact, and the intention of making the place of residence one's home, are essential elements of domicile.").

7. In his Original Petition, the Plaintiff identifies himself as a resident of Carthage, Texas. *See* Ex. 2, Plaintiff's Original Petition, p. 2. Upon information and belief, the Plaintiff has lived in Texas for at least the last 7 years, possesses a Texas-issued driver license, and is registered to vote in Texas. For these reasons, Plaintiff is domiciled in Texas and is, therefore, a citizen of Texas.

8. In his Original Petition, the Plaintiff identifies Defendant, Dean Zastoupil, as a resident of Union Grove, Wisconsin. *See* Ex. 2, Plaintiff's Original Petition, p. 3. Dean Zastoupil does reside in Wisconsin, and he intends to continue residing in Wisconsin for the foreseeable future. Therefore, Dean Zastoupil is a citizen of Wisconsin. He is not a citizen of Texas.

9. A corporation is deemed to be a citizen of each state in which it is incorporated and of each state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

10. In his Original Petition, the Plaintiff correctly identifies Midwest Refrigerated Transport, Inc. as "a foreign corporation." *See* Ex. 2, Plaintiff's Original

Petition, p. 2. In fact, Midwest Refrigerated Transport, Inc. was incorporated in Wisconsin and maintains its principal place of business in Wisconsin. Midwest Refrigerated Transport, Inc. was neither incorporated in Texas nor does it have a principal place of business in Texas. Therefore, Midwest Refrigerated Transport, Inc. is not a citizen of Texas.

11.     Similarly, the Plaintiff identifies RTRT, Inc. as trustee of Ryder Truck Rental LT, as "a foreign corporation, organized under the laws of the state of Delaware." *See* Ex. 2, Plaintiff's Original Petition, p. 2. RTRT, Inc. was incorporated in Delaware and, upon information and belief, maintains its principal place of business in Illinois. Because RTRT, Inc. was neither incorporated in Texas nor does it maintain a principal place of business in Texas, RTRT, Inc. is not a citizen of Texas.

12.     Plaintiff has identified Ryder Truck Rental LT as "a foreign limited liability company and/or a foreign business trust." *See* Ex. 2, Plaintiff's Original Petition, p. 2.  In the context of diversity jurisdiction, "the citizenship of a LLC is determined by the citizenship of all of its members." *See Harvey v. Grey Wolf Drilling Co.*, 542 F. 3d 1077, 1079-80 (5th Cir. 2008); *PNC Bank, N.A. v. Indianola Res., LLC*, No. 3:22-CV-2712-B, 2022 U.S. Dist. Lexis 241081, at *3 (N.D. Tex. Dec. 6, 2022). The same is true for a business trust. *See Americold Realty Trust v. ConAgra Foods, Inc.*, 577 U.S. 378 (2016). Upon information and belief, Ryder Truck Rental LT has two members: Delaware Trust Capital Management, Inc. and RTRT, Inc. Both of these corporations were incorporated in Delaware, and, upon information and belief, neither maintains a principal place of business in Texas (Delaware and Illinois, respectively). Because neither of its members is a citizen of Texas, Ryder Truck Rental LT is also not a citizen of Texas.

13. Because there is complete diversity of citizenship between the Plaintiff and the Defendants, and none of the Defendants are citizens of Texas, diversity jurisdiction exists, and removal is proper.

## III. COMPLIANCE WITH REMOVAL PROCEDURES

### A. Venue of Removed Action

14. This Notice of Removal is properly filed in the United States District Court for the Eastern District of Texas, Tyler Division, under 28 U.S.C. § 1441(a), because the County Court at Law of Panola County, Texas, is located in this district and division.

### B. Timeliness

15. Defendant Midwest Refrigerated Transport, Inc. was served on November 27, 2023. Defendant Dean Zastoupil has not been served, but he has answered and made an appearance.

16. This Notice of Removal has been filed within 30 days from the date Defendant Midwest Refrigerated Transport, Inc. was served; therefore, this Notice meets the 30-day time period required by 28 U.S.C. § 1446(b)(1).

### C. Consent, Notice to Other Parties and Notice to State Court

17. To date, only Defendant Midwest Refrigerated Transport, Inc. has been served, and only Defendants, Midwest Refrigerated Transport, Inc. and Dean Zastoupil, have answered/appeared in this action. Both Defendants join in this removal; therefore, all properly joined and served defendants join in the removal of this action as required under 28 U.S.C. § 1446(b)(2)(A).

18. Written notice of the filing of this Notice of Removal has been given to all adverse parties in accordance with 28 U.S.C. § 1446(d) and is noted in the Certificate of Service attached hereto.

19. Further, Defendant promptly will give written notice and file a copy of this Notice of Removal with the clerk of the County Court at Law, Panola County, Texas and on all counsel of record pursuant to 28 U.S.C. § 1446(d).

**D. Compliance with Local Rule CV-81**

20. Pursuant to Local Rule CV-81(a), the style of the case exactly as it was styled in state court is as follows:

CAUSE NO. 2023-314

| | | |
|---|---|---|
| ROBERT MICHAEL TORRES, | § § | IN THE COUNTY COURT |
| v. | § § | AT LAW |
| MIDWEST REFRIGERATED TRANSPORT, INC.; RYDER TRUCK RENTAL LT; RTRT, INC., AS TRUSTEE OF RYDER TRUCK RENTAL LT; AND DEAN ZASTOUPIL | § § § § § § | PANOLA COUNTY, TEXAS |

21. In accordance with 28 U.S.C. § 1446(a) and Local Rule CV-81(c), attached to this Notice of Removal are:

    (1) A list of all parties in the case;

    (2) A certified copy of the state court docket sheet and copies of all pleadings that assert causes of action, all answers to such pleadings, and all process and orders served upon the removing party;

    (3) A complete list of attorneys involved in the action;

    (4) A record of which parties have requested jury trial; and

    (5) The name and address of the court from which the case was removed.

22. Additionally, pursuant to Local Rule CV 81(c)(2) a civil cover sheet is also submitted along with this Notice of Removal.

## IV. PRAYER

For these reasons, diversity jurisdiction under 28 U.S.C. § 1332(a) exists, and removal to the United States District Court for the Eastern District of Texas, Tyler Division, is proper under 28 U.S.C. § 1441(b).

Respectfully submitted,

**THE BASSETT FIRM**

*/s/ Mike H. Bassett*

**MIKE H. BASSETT**
SBN: 01890500
mbassett@thebassettfirm.com
Two Turtle Creek Village
3838 Oak Lawn Avenue, Suite 1300
Dallas, Texas 75219
(214) 219-9900 Telephone
(214) 219-9456 Facsimile
**eService: efile@thebassettfirm.com**

**ATTORNEY FOR DEFENDANTS, MIDWEST REFRIGERATED TRANSPORT, INC. and DEAN ZASTOUPIL**

# CERTIFICATE OF SERVICE

I certify that a true copy of this document was forwarded to the following counsel of record on this 6th day of December, 2023, pursuant to the Federal Rules of Civil Procedure:

*Via ECF-PACER*
Mr. Brent Goudarzi
Mr. Mary Young
Goudarzi & Young, L.L.P.
3522 Fourth street
Longview, Texas 75605

/s/ Mike H. Bassett

**MIKE H. BASSETT**