Filed 11/17/2023 2:41 PM
Lindsey Smith, District Clerk
Panola County, Texas
By: April Ham,
Deputy Clerk
2023-314

CAUSE NO. 2023-314 _____

| | | |
|---|---|---|
| **ROBERT MICHAEL TORRES** | § | **IN THE COUNTY COURT** |
| | § | |
| | § | |
| **v.** | § | **AT LAW** |
| | § | |
| **MIDWEST REFRIGERATED** | § | |
| **TRANSPORT, INC.;** | § | |
| **RYDER TRUCK RENTAL LT;** | § | |
| **RTRT, INC., AS TRUSTEE OF** | § | |
| **RYDER TRUCK RENTAL LT;** | § | |
| **AND DEAN ZASTOUPIL** | § | **PANOLA COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, ROBERT MICHAEL TORRES, hereinafter called Plaintiff, complaining of MIDWEST REFRIGERATED TRANSPORT, INC.; RYDER TRUCK RENTAL LT; RTRT, INC., AS TRUSTEE OF RYDER TRUCK RENTAL LT; and DEAN ZASTOUPIL, hereinafter called Defendants, and for cause of action would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN

**I.**

Discovery in this cause of action is intended to be conducted under Level 3 of Rule 190.4, Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

**II.**

Venue is proper in Panola County pursuant to Chapter 15, Texas Civil Practice and Remedies Code, in that this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

Jurisdiction is proper in this Court in that this is a lawsuit seeking damages within the jurisdictional limits of the statutory county court of Panola County, Texas.

## PARTIES AND SERVICE

### III.

Plaintiff, ROBERT MICHAEL TORRES, resides in Carthage, Texas. The last three digits of Plaintiff's driver's license number are 839. The last three digits of Plaintiff's social security number are 514.

Defendant, MIDWEST REFRIGERATED TRANSPORT, INC., is a foreign corporation, engages in business in the State of Texas, and may be served with process by serving its registered agent for service of process, Michel F. Pokel, at 1510 N. Country Club Pkwy., Elkhorn, Wisconsin 53121. Defendant may also be served with process by serving its President, Mike Pokel, at 1510 N. Country Club Pkwy., Elkhorn, Wisconsin 53121.

Defendant, RYDER TRUCK RENTAL LT, is a foreign limited liability company and/or a foreign business trust, engages in business in the State of Texas, and may be served with process by serving its registered agent for service of process, Corporate Creations Network Inc., at 5444 Westheimer #1000, Houston, Texas 77056, by certified mail, return receipt requested, issued by the Clerk of this Court.

Defendant, RTRT, INC., AS TRUSTEE OF RYDER TRUCK RENTAL LT, is a foreign corporation, organized under the laws of the state of Delaware, engages in business in the State of Texas, and may be served with process by serving its registered agent for service of process, Corporate Creations Network Inc., at 5444 Westheimer #1000, Houston, Texas 77056, by certified mail, return receipt requested, issued by the Clerk of this Court.

Defendant, DEAN ZASTOUPIL, resides at 1760 New St., Apt. 104, Union Grove, Wisconsin 53182, and may be served with process at this address or wherever he may be found.

### FACTS AND CAUSES OF ACTION

#### IV.

At approximately 4:43 p.m. on November 29, 2021, Plaintiff was traveling in a 2008 GMC Sierra pickup truck, westbound on West Sabine Street, in the right-hand line, in Carthage, Texas. Defendant, DEAN ZASTOUPIL, was operating a 2020 Freightliner tractor owned and/or leased by Defendants, MIDWEST REFRIGERATED TRANSPORT, INC.; RYDER TRUCK RENTAL LT; and/or RTRT, INC., AS TRUSTEE OF RYDER TRUCK RENTAL LT, and towing a 2019 Great Danes Trailers trailer owned and/or leased by Defendants, MIDWEST REFRIGERATED TRANSPORT, INC.; RYDER TRUCK RENTAL LT; and/or RTRT, INC., AS TRUSTEE OF RYDER TRUCK RENTAL LT, in the course and scope of his employment with Defendants, MIDWEST REFRIGERATED TRANSPORT, INC.; RYDER TRUCK RENTAL LT; and/or RTRT, INC., AS TRUSTEE OF RYDER TRUCK RENTAL LT, westbound on West Sabine Street, in the right-hand line, in Carthage, Texas, traveling ahead of Plaintiff, and was parked in the roadway/highway, in the main traveled part of the roadway/highway. West Sabine Street, in Carthage, Texas is a two way street. Defendant, DEAN ZASTOUPIL, did not set out any warning signs, cones flares, or other items to warn Plaintiff that he was parked in the roadway. Plaintiff, suddenly and without warning, encountered Defendant DEAN ZASTOUPIL's stopped vehicle and struck the rear of Defendant DEAN ZASTOUPIL's trailer, subjecting Plaintiff to tremendous force.

V.

Defendant, DEAN ZASTOUPIL, was negligent in various acts and omissions, which negligence was the proximate cause of the occurrence in question which includes, but is not limited to, the following:

1. Violating Section 545.301 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads, in pertinent part, as follows:

> (a) An operator may not stop, park, or leave standing an attended or unattended vehicle on the main traveled part of a highway outside a business or residence district unless:
>
>> (1) stopping, parking, or leaving the vehicle off the main traveled part of the highway is not practicable;
>> (2) a width of highway beside the vehicle is unobstructed and open for the passage of other vehicles; and
>> (3) the vehicle is in clear view for at least 200 feet in each direction on the highway.

2. Violating Section 545.303 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads, in pertinent part, as follows:

> (a) An operator who stops or parks on a two-way roadway shall do so with the right-hand wheels of the vehicle parallel to and within 18 inches of the right-hand curb or edge of the roadway.

3. Failing to keep a proper lookout;
4. Failing to give adequate and understandable warnings to Plaintiff;
5. Failing to control the vehicle;
6. Parking and/or stopping his vehicle in the roadway;
7. Failure to set out proper warning signs, flares, cones or other items to warn Plaintiff that he was parked in the roadway;
8. Failing to act and/or respond in a reasonable manner;
9. Failing to move the vehicle out of the lane of traffic; and
10. Failing to park the vehicle in a reasonable manner.

Defendant, DEAN ZASTOUPIL, violated Section 545.301 of the Texas Transportation

Code by stopping or parking his vehicle on the main traveled part of the highway. Plaintiff is

within the class of persons the statute was designed to protect.

Defendant, DEAN ZASTOUPIL, violated Section 545.303 of the Texas Transportation Code by stopping or parking his vehicle on a two-way roadway without the right-hand wheels of the vehicle parallel to and within 18 inches of the right-hand curb or edge of the roadway. Plaintiff is within the class of persons the statute was designed to protect.

Each of the foregoing acts of negligence were the proximate cause of the collision in question and the injuries and damages of Plaintiff.

VI.

At the time and on the occasion in question, and immediately prior thereto, Defendants, MIDWEST REFRIGERATED TRANSPORT, INC.; RYDER TRUCK RENTAL LT; and/or RTRT, INC., AS TRUSTEE OF RYDER TRUCK RENTAL LT, committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiff.

Defendants MIDWEST REFRIGERATED TRANSPORT, INC.'s; RYDER TRUCK RENTAL LT's; and/or RTRT, INC., AS TRUSTEE OF RYDER TRUCK RENTAL LT's independent acts of negligence include, but are not limited to, the following:

1.  Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was unlicensed, incompetent, and/or reckless;

2.  Hiring and continuing to retain an unsafe, unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unsafe, unlicensed, incompetent and/or reckless;

3.  Failing to properly train, supervise and/or monitor Defendant, DEAN ZASTOUPIL;

4.  Failing to maintain the vehicle in a reasonably safe or prudent manner; and

5. Failing to comply with federal and state laws and regulations concerning drivers and the maintenance or repair of motor vehicles, including, but not limited to, 49 C.F.R. 300-399, Chapter 521.459 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, and Vernon's Texas Statutes and Codes Annotated, Transportation Code Titles 1, 2, and 7.

Each of the foregoing acts of negligence were the proximate cause of the collision in question and the injuries and damages of Plaintiff.

## VII.

At the time and on the occasion in question, and immediately prior thereto, Defendants, MIDWEST REFRIGERATED TRANSPORT, INC.; RYDER TRUCK RENTAL LT; and/or RTRT, INC., AS TRUSTEE OF RYDER TRUCK RENTAL LT, were guilty of negligent entrustment and knew or should have known that Defendant, DEAN ZASTOUPIL, was a negligent and reckless driver and knew or should have known that the motor vehicle/tractor/trailer entrusted to Defendant, DEAN ZASTOUPIL, was defective.

## VIII.

Defendants or their agents undertook, either gratuitously or for their own benefit, obligations to train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles. Defendants knew or should have known that such training, supervision, direction, instruction, control, and/or operation was necessary for Plaintiff's protection. Defendants failed to exercise reasonable care in performing those obligations. Plaintiff or a third party relied on Defendants' performance, and Defendants' performance increased Plaintiff's risk of harm.

## IX.

Defendants, MIDWEST REFRIGERATED TRANSPORT, INC.; RYDER TRUCK RENTAL LT; and/or RTRT, INC., AS TRUSTEE OF RYDER TRUCK RENTAL LT, are liable

for the damages proximately caused to Plaintiff by the conduct of Defendant, DEAN ZASTOUPIL, in that Defendants, MIDWEST REFRIGERATED TRANSPORT, INC.; RYDER TRUCK RENTAL LT; and/or RTRT, INC., AS TRUSTEE OF RYDER TRUCK RENTAL LT, were the employer of Defendant, DEAN ZASTOUPIL, on the date that Defendant, DEAN ZASTOUPIL, negligently injured Plaintiff, as alleged above, and Defendant, DEAN ZASTOUPIL, was acting within the course and scope of that employment when that injury occurred or Defendants, MIDWEST REFRIGERATED TRANSPORT, INC.; RYDER TRUCK RENTAL LT; and/or RTRT, INC., AS TRUSTEE OF RYDER TRUCK RENTAL LT, had the right to control the activities of Defendant, DEAN ZASTOUPIL.

X.

Defendants, MIDWEST REFRIGERATED TRANSPORT, INC.; RYDER TRUCK RENTAL LT; and/or RTRT, INC., AS TRUSTEE OF RYDER TRUCK RENTAL LT, are liable for the acts and omissions of Defendant, DEAN ZASTOUPIL, because at the time of the accident made the basis of this lawsuit, Defendants, MIDWEST REFRIGERATED TRANSPORT, INC.; RYDER TRUCK RENTAL LT; and/or RTRT, INC., AS TRUSTEE OF RYDER TRUCK RENTAL LT, were engaged in a joint enterprise and/or a joint venture. Defendants, MIDWEST REFRIGERATED TRANSPORT, INC.; RYDER TRUCK RENTAL LT; and/or RTRT, INC., AS TRUSTEE OF RYDER TRUCK RENTAL LT, had an agreement, expressed or implied, a common purpose, a community of pecuniary interest in that common purpose, and, upon information and belief, an equal right to direct and control the enterprise and/or venture.

Upon information and belief, Defendants, MIDWEST REFRIGERATED TRANSPORT, INC.; RYDER TRUCK RENTAL LT; and/or RTRT, INC., AS TRUSTEE OF RYDER TRUCK

RENTAL LT, entered into a written or oral contract on or about the date of, or a date prior to, November 29, 2021, for the transportation of shipments or for other transportation purposes, and had an on-going business relationship, and their course of dealing created an express and/or implied agreement to participate in an on-going business relationship.

Defendants, MIDWEST REFRIGERATED TRANSPORT, INC.; RYDER TRUCK RENTAL LT; and/or RTRT, INC., AS TRUSTEE OF RYDER TRUCK RENTAL LT, are, and were at the time of the accident made the basis of this lawsuit, engaged in the transportation business/industry. Defendants, MIDWEST REFRIGERATED TRANSPORT, INC.; RYDER TRUCK RENTAL LT; and/or RTRT, INC., AS TRUSTEE OF RYDER TRUCK RENTAL LT, shared a common purpose of participating in the transportation business/industry, in the transportation of goods in interstate and/or intrastate commerce and/or in another business/industry that requires transportation for delivery of its goods or services.

At the time of the accident made the basis of this lawsuit, Defendant, DEAN ZASTOUPIL, was acting within the scope of the enterprise and/or venture.

## XI.

Defendants committed willful acts or omissions of gross negligence, having actual knowledge of an extreme risk of harm and consciously disregarding that risk, that were a proximate cause of the injuries to Plaintiff and the damages of Plaintiff, and for which Plaintiff is entitled to recover punitive damages, pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code. Furthermore, Defendants authorized the doing and the manner of the acts or omissions, Defendants recklessly employed an unfit agent and/or employee, Defendants employed a vice-principal or one who was in a managerial capacity and was acting in the scope of employment when they committed the acts or omissions, and/or Defendants or a vice-

principal or manager of Defendants ratified and/or approved the acts or omissions. Such conduct authorizes the imposition of punitive damages against Defendants.

### DAMAGES FOR PLAINTIFF

### XII.

As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff was caused to suffer and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident;

B. Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering which, in reasonable probability, will be suffered in the future;

E. Mental anguish in the past;

F. Mental anguish which, in reasonable probability, will be suffered in the future;

G. Physical impairment in the past;

H. Physical impairment which, in reasonable probability, will be suffered in the future;

I. Disfigurement in the past;

J. Disfigurement which, in reasonable probability, will be suffered in the future;

K. Loss of earnings in the past;

L.    Loss of earning capacity which, in reasonable probability, will be incurred in the future; and

M.    Exemplary damages.

By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought. In accordance with Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief over $1,000,000.00.

PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; exemplary damages; costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

GOUDARZI & YOUNG, L.L.P.
3522 Fourth Street
Longview, Texas 75605
Telephone:  (903) 843-2544
Facsimile:  (903) 843-2026
E-Serve: goudarziyoung@goudarzi-young.com

By: _____
Brent Goudarzi
State Bar No. 00798218
Marty Young
State Bar No. 24010502
ATTORNEYS FOR PLAINTIFF